Filed 10/14/14  P. v. Dumont CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C074622 |
| Plaintiff and Respondent, | (Super. Ct. No. P12CRF0521) |
| v. | |
| RALPH EUGENE DUMONT, | |
| Defendant and Appellant. | |

A jury found defendant Ralph Eugene Dumont guilty of driving under the influence of alcohol (DUI) and driving with a blood-alcohol content of 0.08 percent or greater and found true an allegation that he had a blood-alcohol level of 0.15 percent or greater.  The trial court sustained a strike, three prior prison terms, and two prior DUI conviction allegations.  Defendant was sentenced to nine years eight months in state prison with various fines and fees, including a $2,374 fine, imposed.  The fine was later modified to $2,277.

1

On appeal, defendant contends there are numerous errors in the penalties, fees, and assessments associated with the fine. Agreeing with defendant, we shall modify the penalties, fees, and assessments associated with the base fine.

BACKGROUND[1]

At sentencing, the trial court imposed "a court fine and penalties and assessments in the amount of $2,374" on the DUI conviction (DUI fine). The abstract of judgment listed the fine but did not separately list the penalties, fees, and assessments associated with it.

During the pendency of this appeal, defendant's appellate counsel sent a letter to the trial court on November 18, 2013, requesting the trial court provide the statutory basis for certain fines, fees, and assessments, reconsider the restitution and parole revocation fines, and correct errors in the abstract. The trial court modified the restitution and parole revocation fines, modified the DUI fine to $2,277, issued what appeared to be a printout of a computer program for calculating various fines, fees, penalties, and assessments, and issued an amended abstract of judgment.

On January 8, 2014, appellate counsel again requested clarification of the DUI fine. The trial court issued a table outlining the statutory basis for the fine and associated fees, assessments, and penalties.

Appellate counsel requested further clarification on January 30, 2014. The trial court promulgated another table. (See appendix.)

DISCUSSION

Defendant identifies numerous errors with the penalties, fees, and assessments associated with the base fine. With one minor exception, the People agree. We agree with defendant.

---

[1] We dispense with a summary of the facts of defendant's crimes as they are unnecessary to resolve this appeal.

2

Defendant first notes the trial court misstated the statutory source of the base fine. The purported source of the base fine, Penal Code[2] section 1463.001, does not establish any fine but instead sets forth the procedures for accounting for base fines. Vehicle Code section 23550, subdivision (a) mandates a fine from $390 to $1,000 for any defendant who is convicted of a DUI with three prior DUI convictions within the last 10 years. Defendant and the People assert this is the statutory source of the base fine. We agree and we shall direct the trial court to state as such in the amended abstract.

Next, defendant finds that the amounts incorporated into the DUI fine pursuant to sections 1463.14, 1463.16, and 1463.18 are improper as those provisions address the distribution of the DUI base fine into various categories rather than authorizing additional fines to be paid by defendant. The People agree regarding sections 1463.16 and 1463.18, but note that section 1463.14, subdivision (b) gives counties the discretion to impose an alcohol testing penalty of no more than $50 when a defendant is convicted pursuant to Vehicle Code sections 23152 or 23153.

Section 1463.16, subdivision (a) mandates that $50 from every DUI fine be deposited in a special account for the county's alcoholism program. Section 1463.18, subdivision (a)(1) mandates the transfer of $20 from every DUI fine to the state restitution fund. Since neither provision authorizes any additional fine, we shall strike these amounts from the DUI fine calculus.

Section 1463.14, subdivision (a) mandates the transfer of $50 from every DUI fine to a special account to pay for blood-alcohol tests. As the People point out, section 1463.14, subdivision (b) of this statute allows a county to impose an additional penalty of up to $50 on defendants convicted of DUI to offset the cost of testing for alcohol content. This provision requires the county board of supervisors to authorize the penalty by

---

[2]    Undesignated statutory references are to the Penal Code.

3

resolution, and "shall be imposed only in those instances where the defendant has the ability to pay." Since the trial court made no finding defendant had the ability to pay and there is no evidence El Dorado County authorized this penalty, we conclude the trial court imposed a $50 fee pursuant to subdivision (a) of section 1463.14. This fee is also unauthorized and we shall therefore strike it.

The next error found by defendant is the section 1464 penalty assessment of $510. Section 1464, subdivision (a)(1) mandates an assessment of "ten dollars ($10) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses" other than certain parking offenses. The $510 assessment is based on the trial court mistakenly adding the unauthorized amount of $120 under sections 1463.14, 1464.16, and 1463.18 to the $390 base fine. We shall modify the section 1464 penalty assessment to $390.

Government Code section 76000, subdivision (a)(1) authorizes a county penalty assessment of $7 for every $10 of fine, penalty or forfeiture imposed. As applied to the DUI fine, this authorizes a $273 penalty rather than three separate assessments of $127.50, $25.50, and $102. (See appendix.) We shall modify the penalty to $273.

The Government Code section 76104.1 fine of $102 is unauthorized, as the statute was repealed by its own terms on January 1, 2014, and applied only to fines, fees, and assessments in Santa Barbara County. We shall strike this fine.

Government Code section 76104.6 imposes a fee of $1 for every $10 of every fine to help implement the DNA Fingerprint, Unsolved Crime and Innocence Protection Act. The trial court erroneously imposed a $51 fee rather than $39, or $1 for every $10 of the $390 base DUI fine. We shall modify the fee accordingly.

The trial court imposed a Government Code section 76104.7, subdivision (a) DNA identification fund penalty of $102. This provision imposes a penalty assessment of $4 for every $10 on the base fine. Since the base fine is $390, the assessment should be $156. We shall modify the penalty to this amount.

4

Government Code section 70372, subdivision (a)(1) establishes a state court construction penalty of $5 for every $10 on the base fine. Taking the $390 base fine, this should be $195. The trial court imposed a "GC 70372(a) . . . ICNA assessment 2/10" of $102 and a "FC70372(a) . . . State Facilities Surcharge" of $153. Finding that these both refer to the Government Code section 70372 penalty, we shall modify them to a single penalty of $195.

The trial court imposed a section 1465.7, subdivision (a) surcharge of $102. Section 1465.7 authorizes a 20 percent state surcharge on the base fine. As defendant notes, the proper amount is $78 and we shall modify the surcharge accordingly.

Defendant also correctly claims the trial court erred in imposing a $50 assessment pursuant to section 1463.25. This provision addresses allocation of "the moneys from alcohol abuse education and prevention penalty assessments collected pursuant to Section 23196 of the Vehicle Code" and does not impose any additional fine, fee, penalty, or assessment. (§ 1463.25.) We shall strike the $50 "assessment."

The trial court's next error is the imposition of a $120 misdemeanor restitution fine pursuant to section 1202.4. At the time of defendant's August 1, 2012 crimes, section 1202.4 authorized a minimum restitution fine of $120 for misdemeanors and $240 for felonies. (§ 1202.4, subd. (b)(1).) Since defendant was convicted of felonies and the trial court imposed the felony restitution fine, the misdemeanor fine was unauthorized and we shall therefore strike it.

Finally, defendant finds an error in the "AB1273" emergency medical transport penalty. The proper statutory basis is Government Code section 76000.10, subdivisions (a) and (c)(1), the Emergency Medical Transportation Act, which imposes a $4 penalty for every conviction for a Vehicle Code violation. We agree with defendant that the trial court intended to impose this penalty, which was enacted by Assembly Bill No. 2173, effective January 1, 2011. (Stats. 2010, ch. 547, § 2.)

5

DISPOSITION

The amounts imposed pursuant to sections 1463.14, 1463.16, 1463.18, 1202.4, subdivision (b)(1), 1463.25, and Government Code section 76104.1 are stricken. Penalties, fees, and assessments are modified as follows: Section 1464 to $390, section 1465.7 to $78, Government Code section 76000 to $273, Government Code section 76104.6 to $39, Government Code section 76104.7 to $156, and Government Code section 70372 to $195. As modified, the judgment is affirmed. The trial court shall prepare an amended abstract of judgment making these modifications. The trial court is directed to state the correct basis for the $390 fine as "VC 23550(a)" and $4 penalty as "Gov Code 76000.10" and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


                                                    ROBIE            , Acting P. J.



We concur:



      BUTZ            , J.



      MURRAY         , J.



6

DUI VC 23152-3

| Statute | | Authority | AS OF 07/16/2012* |
|---|---|---|---|
| | | Incorporated in DUI Fine | |
| PC1463.001 | S-M | Agency Major (base amount) | 390.00 (range) |
| PC1463.14 | ALP | Alcohol Lab Fee | 50.00 |
| PC1463.16 | ADP | Alcohol/Drug Program | 50.00 |
| PC1463.18 | RDI | DUI Restitution | 20.00 |
| | | | 510.00 |
| PC1464 | SPE | State Penalty | 510.00 |
| GC76000 | JCF | Jailhouse Construction | 127.50 |
| GC76000 | AFF | Automated Fingerprint | 25.50 |
| GC76000 | EMF | Emergency Medical Fund | 102.00 |
| GC76104.1 | EMS | Additional EMS eff 8-07 | 102.00 |
| GC76104.6 | DNA | DNA | 51.00 |
| GC76104.7 | SON | State DNA additional | 102.00 |
| GC76104.6 | SD3 | State DNA additional | 102.00 |
| FC70372(a) | SFC | State Facilities Surcharge | 153.00 |
| PC1465.7 | SCH | Surcharge | 102.00 |
| GC70372(a) | ICN | ICNA assessment 2/10 | 102.00 |
| GC70373 | ICM | ICNA Surcharge per Chg Conv | 30.00 |
| PC1465.8(a) | CSA | Court Security Assmt PC 1465.8a | 40.00 |
| PC1463.25 | AEP | Alcohol Education PC 1463.25 | 50.00 |
| | | Fines Charged Separately | 2,109.00 |
| PC1202.4 | RMI | Misdemeanor Restitution PC 1202.4 | 120.00 |
| VC40508.6(A) | DMV | DMV Fees VC 40508.6 | 10.00 |
| PC1205 | ADM | Admin Fees PC 1205 | 60.00 |
| AB1273 | EMA | Emergency Medical Transport | 4.00 |
| | TOTAL | | 2,303.00 |

\*      Defendant's offenses occurred on August 1. 2012

APPENDIX

7